Janet STEDMAN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 08–CT–586.

District of Columbia Court of Appeals.

Submitted Jan. 25, 2011.
Decided Feb. 3, 2011.

Stephen W. Riddell, was on the brief for appellant.

Peter J. Nickles, Attorney General for the District of Columbia at the time the brief was filed, Todd S. Kim, Solicitor General, Rosalyn Calbert Groce, Deputy Solicitor General, and Sidney R. Bixler, Assistant Attorney General, were on the brief for appellee.

Before THOMPSON, Associate Judge, and FERREN and FARRELL, Senior Judges.

FARRELL, Senior Judge:

This appeal concerns the meaning of an ambiguous clause of a plea agreement by which appellant would—and did—plead guilty to non-willful failure to file sales tax returns and agreed, as a condition of her probation, to pay penalties in addition to the taxes she owed. Construing the disputed clause in her favor, as we must, we hold that she must be given the opportunity to challenge the government's proof that her non-filings were "willful" and thus subject to the penalties imposed.

I.

■ D.C.Code § 47–4103(a) (2001) provides for misdemeanor punishment of anyone who "willfully fails to pay" a tax or make a tax return required by District law. Subsection (b) of the statute similar-

ly allows conviction (though with somewhat lesser punishment) of one who "fails to pay the tax ... [or] make the return"—*i.e.*, it requires no proof of "willful[ness]." In addition to these criminal penalties, D.C.Code § 47–4212(a) provides that if "a portion of an underpayment of tax required to be shown on a return is attributable to fraud, there shall be added to the tax imposed ... an amount equal to 75% of the fraudulent underpayment." Subsection (d), as relevant here, states that "[f]raud is indicated where a taxpayer willfully ... (1) [f]ails to pay a tax imposed by this title."[1]

Appellant, who operated a small carryout restaurant during the years in question, pleaded guilty to four counts of non-willful failure to file monthly sales tax returns in exchange for dismissal of parallel counts charging willful non-filing. Under the plea agreement, which the trial court accepted, her prison sentence of three months was to be suspended in favor of supervised probation, as part of which she was to "pay all District of Columbia taxes due," consisting of "restitution, fees, penalties, and interest." The amount due, as the agreement stated, was "the sole remaining issue in dispute" between the parties and was to be determined by the court after "a full and fair contested hearing in which both parties are afforded the opportunity to introduce evidence relevant to the court's determination." The amount arrived at would be set forth in a "restitution order" and made a "condition[ ] of the defendant's probation."

The further relevant terms of the agreement have generated this appeal. For its part, the District reserved the right to "seek restitution, penalties, fees and interest ... relating to each count [charged], notwithstanding the Government's dismissal of counts." Appellant, in turn, was free to "contest the government claims to restitution, penalties, interest, and fees," but would "not contest them *on the grounds that they are sought in counts which were dismissed*" (emphasis added).

At the hearing called for by the agreement, the District proposed a total restitution amount that included a 75% penalty for fraud under § 47–4212(a). Appellant disputed the penalty and, under the agreement, asked for a "judicial determination" of whether her failures to file returns were willful, as the penalty statute requires. Government counsel disagreed, arguing that appellant had "agreed not to contest," for sentencing purposes, the counts charging willful non-payment that had been dismissed. The trial judge first took the issue under advisement but ultimately accepted the District's position: "[I]t's my view as I read the plea agreement that you all [*i.e.*, the District] reserve the right to seek the penalties that you claim are due. The defendant reserved the right to object, but not on the grounds that they [the non-payments] were non-willful." After a further postponement of sentencing while the government (for reasons not relevant) recalculated the taxes and penalty due, the judge again rejected appellant's argument that the agreement permitted her to contest the proof of willfulness,[2] and ordered

1. Although the District's tax code does not define "willful," a breach of the federal tax laws is "willful" if there was a "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991); *see also United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976) (per curiam). D.C.Code § 47–4212 was enacted as part of a revision of the District's tax laws to "align[ ]

them more closely with federal penalty provisions." Preamble to Tax Clarity Act of 2000, D.C. Law 13–305 (Act 13–501), 48 D.C.Reg. 334 (effective June 9, 2001).

2. Referring to her earlier ruling, the judge stated: "Mr. Escoto [defense counsel] has made a legal argument. I disagree with it." Elsewhere in the same proceeding, she added: "I didn't hear any testimony that [Ms. Sted-

her to pay restitution totaling $50,758.75, a sizeable portion of which was the penalties for fraud permitted by § 47–4212(a).

## II.

 "[T]he government must meet a standard of strict compliance with [a plea] agreement," and "[t]he court will construe any ambiguity against the government." *White v. United States,* 425 A.2d 616, 618 (D.C.1980). "Ambiguity," of course, embraces equivocal terms of the agreement itself, and the agreement here, we conclude, did not unequivocally deny appellant the right at sentencing to contest the willfulness of her failure to file tax returns. Indeed, if anything it points the other way. While the District reserved the right to seek penalties related to the dismissed counts charging willful non-filing, appellant retained the right to "contest the government claims to restitution, penalties, interest, and fees," and before determining the correct amount "the court [was to] conduct a full and fair contested hearing in which both parties are afforded the opportunity to introduce evidence relevant to the ... determination." A reserved right to contest penalties at a full evidentiary hearing would seem logically to extend to the alleged culpability supporting them.

 Nonetheless, the government regards the hearing called for by the agreement as limited to disputes of computation—the dollars and cents, as it were—of the taxes and penalties due, because appellant further agreed "not [to] contest [its claims] on the grounds that they are sought in counts which were dismissed." But an entirely natural reading of that clause is that appellant would not dispute the relevance of dismissed counts on the ground alone that they had been dismissed—*i.e.,* that dismissal as such removed them from consideration at sentenc-

ing. Certainly it would be reasonable for the District to insure that appellant, by pleading guilty, *not* receive the boon of an exemption from monetary penalties in addition to avoiding conviction (and probable jailing) for the more serious charged offenses. But it is much less reasonable to suppose that appellant waived the right to dispute willfulness, and so the applicability of a hefty 75% penalty, without explicit language in the agreement that she meant to do so. Whatever uncertainty the agreement exhibits on this point—and there is plenty—must be resolved in appellant's favor. *White, supra.*

## III.

Consequently, the judgment must be vacated and the case remanded solely for redetermination of the restitution to be paid in lieu of imprisonment, after a hearing at which appellant may dispute the government's proof that her failure to file timely returns was willful. We note that, although § 47–4212 places the initial burden of proof on this issue on the government, it shifts the burden to the taxpayer "[i]f the Mayor establishes that a portion of the underpayment is attributable to fraud...." Section 47–4212(b). That burden shift fairly supposes that a taxpayer like appellant has unique possession of any facts showing that her non-filings were negligent and not willful.

*Vacated and remanded.*

man] didn't pay most of these taxes.... So I am just not persuaded by that part of [coun-

sel's] argument," *i.e.,* "that the Mayor hadn't established fraud."